IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Joseph Morrison, III, # 208001,   ) | Civil Action No.: 2:14-cv-3159-RBH |
| ) | |
| Petitioner,   ) | |
| ) | |
| v.   ) | **ORDER** |
| ) | |
| Larry Cartledge,   ) | |
| ) | |
| Respondent.   ) | |
| ) | |

Petitioner Joseph Morrison, III, # 208001 ("Petitioner"), a state prisoner proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 7, 2014. *See* Pet., ECF No. 1. The matter is before the Court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Mary Gordon Baker, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina. *See* R & R, ECF No. 20. In the Report and Recommendation, the Magistrate Judge recommends that the Court dismiss this action *with prejudice* for failure to prosecute. *See id.* at 2.[1]

---

[1] As the Magistrate Judge detailed in her R & R, Respondent filed a return to the petition and a motion for summary judgment on October 10, 2014. *See* Return, ECF No. 11; Mot., ECF No. 12. Because Petitioner is proceeding *pro se*, the Court entered a *Roseboro* Order on October 14, 2014, advising Petitioner of the summary judgment procedures and the possible consequences if he failed to respond. *See* Order, ECF No. 13 at 1–2. The Order directed Petitioner to respond within thirty-four (34) days, making the deadline November 17, 2014. *Id.* Petitioner filed a motion for extension of time to file a response on November 17, 2014, *see* ECF No. 15, which the Court granted on December 9, 2014, *see* ECF No. 16. The deadline was extended to December 17, 2014. *See* ECF No. 16. Petitioner, however, never filed a response. Accordingly, on January 14, 2015, the Magistrate Judge issued her R & R recommending that the action be dismissed with prejudice for failure to prosecute. *See* ECF No. 20. The R & R provided that it would be vacated, however, if Plaintiff notified the Court within the time set forth for filing objections to the R & R, which was February 2, 2015, that he wished to proceed with the case. *See id.* As of the date of this Order, the Court has not received any response from Petitioner.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

No party has filed objections to the Report and Recommendation. In the absence of objections to the Report and Recommendation of the Magistrate Judge, this Court is not required to give any explanation for adopting the recommendations. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Furthermore, a certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a

constitutional right. *Slack*, 529 U.S. at 484–85. In the instant matter, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

After a thorough review of the record in this case, the Court finds no clear error. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference. Therefore, it is **ORDERED** that Petitioner's § 2254 petition is **DISMISSED** *with prejudice* for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                                    s/ R. Bryan Harwell
                                                    R. Bryan Harwell
                                                    United States District Judge

Florence, South Carolina
February 18, 2015